FILED

06/26/2019

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 22, 2019 Session

## G. G. EX REL. JACKIE JOHNSON ET AL. v. BOYD-BUCHANAN SCHOOL ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 17-0201  Jeffrey M. Atherton, Chancellor**

———————————————————

**No. E2018-01912-COA-R9-CV**

———————————————————

### DISSENTING OPINION

John W. McClarty, J., dissenting.

The majority holds that the trial court abused its discretion by entering an order that would allow the plaintiffs to discover information that is irrelevant to their breach of contract claim.

The breach of contract claim provides as follows:

> Petitioners allege that all the Defendants, including the Board of Directors, by their actions, are guilty of Breach of Contract to educate G G [sic].  They have expelled him without cause for the expulsion (Except to alleviate the cost the financial aid to a student) and acting differently toward him based upon his minority race and gender; . . . His treatment, under current information and belief, is not in legal parity with that of other students similarly situated.
>
> These actions also are in Breach of the School Handbook, Page 20, p. [sic].

The majority notes that the plaintiffs appear to be asserting that the handbook "constitutes a written contract 'to educate' the child at issue and that the school 'breached this alleged contract because G.G.'s conduct did not constitute sexual harassment under that policy because his conduct did not occur 'on or off school premises at [a] school-sponsored

activit[y]' and was not 'unwanted or unwelcome.'"

During discovery, the school sought an order protecting it from having to comply with certain discovery requests that it argued were not relevant to the breach of contract claim and invaded the privacy of the non-parties. The trial court granted some requests sought by school, but denied others. As noted by the majority, the trial court held

> The school was not required to answer Interrogatory No. 9 or Request Nos. 1, 3, 4, and 5. As to Interrogatory No. 5, the order provided that the school was only required to disclose:
>
> The (a) first initial and last initial of the student; (b) age and grade level; (c) non-academic charges asserted; (d) discipline issued; (e) review engaged in; (f) by whom at Boyd-Buchanan; and (g) the results of the review for any non-academic disciplinary actions taken by Boyd-Buchanan Middle School within the prior three years (i.e. August 2014 to July 2017).
>
> The court's order imposed these same limitations on Interrogatories Nos. 7, 8, 10, 11, and 12. The order still required the school to identify the number of students who were expelled for academic reasons. The school was also required to disclose any conditions that were required for reenrollment. Interrogatory No. 11 was limited to "students who applied for reenrollment but were denied." Interrogatory No. 12 was limited to "students who were authorized for reenrollment but choose [sic] not to do so." Request No. 2 was limited "to employment files of Jennifer Warnack that reflect policies on how the School's handbook should be enforced in regards to student discipline." Request No. 6 was limited "to employment files of Jill Hartness that reflect policies on how the School's behavioral code should be enforced in regards to student discipline."

The plaintiffs assert that "a pattern [of selective enforcement] or lack of same can only be proven by the records in the possession of [the school.]" The majority contends that the plaintiffs have failed to explain why any of the requested material is relevant to the merits of a breach of contract claim. They note that a pattern of selective enforcement might support a discrimination claim, but it is unclear what type of "pattern" would support a breach of contract claim. The majority relies on *Steinkerchner v. Provident Life & Accident Ins. Co.,* which held that an insurer's "conduct regarding the unique insurance

claims of others is not relevant to whether it properly handled the claim at issue." No. 01A01-9910-CH-00039, 1999 WL 734545, at *3 (Tenn. Ct. App. Sept. 22, 1999). The majority notes further that the plaintiffs have failed to explain why discovery of a pattern of selective enforcement is "reasonably calculated to lead to the discovery of admissible evidence." *See* Tenn. R. Civ. P. 26.02(1). The majority observes that

> [t]he court's order does not explain why that parol evidence is relevant to plaintiffs' breach of contract claim or how it could lead to the discovery of other admissible evidence. . . . [W]e fail to see how any of the information requested by plaintiffs is relevant to their breach of contract claim. Accordingly, we hold that the trial court abused its discretion by entering a protective order that 'reache[d] an illogical conclusion' and 'employ[ed] reasoning that cause[d] an injustice' to the school.

A breach of contract action requires claimants to prove "the existence of a valid and enforceable contract, nonperformance amounting to a breach of the contract, and damages caused by the breach of the contract." *ARC LifeMed, Inc. v. AMC–Tenn., Inc.,* 183 S.W.3d 1, 26 (Tenn.Ct.App.2005).

We have held that a handbook can create "a contractual right to continued enrollment" at a school. *Anderson v. Stanton*, No. E2009-01081-COA-R3-CV, 2010 WL 2106218, at *6 (Tenn. Ct. App. May 26, 2010) (finding contractual right to continued enrollment resulted in property interest in such enrollment that triggered due process protections). That the relationship between a school and its students has a strong, albeit flexible, contractual flavor is an idea well accepted in modern case law. *See, e.g., Mangla v. Brown University*, 135 F.3d 80, 83 (1st Cir.1998). So too, is the proposition that a student handbook can be a source of the terms defining the reciprocal rights and obligations of a school and its students. *See Corso v. Creighton University*, 731 F.2d 529, 532–533 (8th Cir.1984). In my opinion, the discovery sought may provide information related to actions amounting to a breach, such as failure to abide by the handbook regarding hearing or expulsion procedures or to provide fundamental fairness. I find the restrictions placed on discovery by the trial judge were sufficient and adequately comply with the law.

Accordingly, I respectfully dissent.

                _____

                JOHN W. MCCLARTY, JUDGE